UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CALVIN BERNARD PROSSER,

           Plaintiff,

v.                                    Case No. 3:22-cv-944-BJD-PDB

JACKSONVILLE SHERIFF'S
OFFICE,

           Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Calvin Bernard Prosser, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff alleges officers illegally arrested and searched him on November 26, 2021, and, following a successful motion to suppress, the charges against him were later dismissed. Compl. at 5. He seeks to sue the Jacksonville Sheriff's Office for a Fourth Amendment violation. *Id.* at 2-4. As relief, he requests $300.00 for each day he spent in jail. *Id.* at 6.[1]

---

[1] According to the Florida Department of Corrections (FDOC), Plaintiff was released from custody on August 11, 2020, but returned to FDOC custody on June 23, 2022. *See* FDOC website, Offender Search, available at http://www.dc.state.fl.us (last visited Sept. 27, 2022).

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a

plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. When a plaintiff seeks to proceed against an entity, as opposed to an individual, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (affirming the district court's dismissal of claims against a county sheriff's office because in Alabama, sheriff's departments lack the capacity to be sued). In Florida, a sheriff's office is not a legal entity subject to suit in a civil rights action brought under § 1983. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of the sheriff's office because that entity did not have "the capacity to be sued").[2]

Plaintiff fails to identify a "person" who deprived him of a constitutional right. Rather, he names as the sole defendant the Jacksonville Sheriff's Office,

---

[2] Unpublished decisions are not binding. See <u>McNamara v. Gov't Emps. Ins. Co.</u>, 30 F.4th 1055, 1061 (11th Cir. 2022). However, the Court finds the *Faulkner* decision persuasive authority on this point of law.

which is an entity not subject to suit under § 1983. Because Plaintiff names no other defendant in this action, his complaint will be dismissed without prejudice subject to his right to initiate a new action against proper defendants.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.     The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:     Calvin Bernard Prosser

4